UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

ALBERT WILSON,

    Plaintiff,

v.                                                  Case No. 3:21-cv-145-TJC-MCR

THE BANK OF NEW YORK, as
Successor Trustee in Interest to
JPMorgan Chase Bank, N.A., as
Trustee for SAMI II 2006-AR6,

    Defendant.
_____/

## **ORDER**

**THIS CAUSE** is before the Court on Defendant Bank of New York Mellon ("BONYM")[1] f/k/a The Bank of New York, as Successor Trustee in Interest to JPMorgan Chase Bank, N.A., as Trustee for SAMI II 2006-AR6's Motion to Vacate Default and Motion to Quash Service of Process ("Motion") (Doc. 19), Plaintiff's Response thereto (Doc. 22),[2] and Defendant's Reply in Support of Motion ("Reply") (Doc. 56).[3]

---

[1] BONYM is the successor, by merger, to Bank of New York since July 1, 2008. Thus, BONYM correctly points out that Plaintiff has improperly named The Bank of New York ("BONY") as a party Defendant.

[2] Plaintiff's arguments in opposition to the Motion, which are included both in the Response (Doc. 22) and in the Amended Motion for Remand (Doc. 13), have been considered and rejected by numerous other courts in this District and elsewhere, as shown *infra*.

[3] The Reply was filed pursuant to the undersigned's May 24, 2021 Order. (Doc. 51; *see also* Docs. 26, 27.)

In the Motion and the Reply, Defendant argues that the service of process should be quashed and the default entered against BONYM in state court should be vacated because, *inter alia*, Plaintiff served CT Corporation, an unrelated third-party entity that is not the registered agent of BONY/BONYM and is not authorized to accept service on Defendant's behalf.[4] (Docs. 19, 56.) For all of the reasons previously expressed by multiple courts in this District and elsewhere, the Motion will be granted. *See, e.g.*, *Abpaymar, LLC v. Deutsche Bank Nat'l Tr. Co.*, No. 3:21-cv-341-TJC-MCR, Doc. 14 (M.D. Fla. May 20, 2021); *BCP Mgmt., LLC v. Deutsche Bank Nat'l Tr. Co.*, No. 8:21-cv-276-AAS, Doc. 30 (M.D. Fla. Apr. 21, 2021); *Centurion Sys., LLC v. Bank of New York Mellon*, No. 8:21-cv-726-SDM-AAS, Doc. 36 (M.D. Fla. Apr. 19, 2021) (denying plaintiff's motion to remand, granting defendant's motion to quash service of process and to vacate the default judgment, and again warning plaintiff's attorney that "asserting the now repeatedly unsuccessful argument might result in a sanction"); *30531 Midtown Court Land Tr. v. Deutsche Bank Nat'l Tr. Co.*, No. 3:21-cv-185-TJC-JBT, Doc. 11 (M.D. Fla. Apr. 16, 2021); *YHT & Assocs., Inc. v. Deutsche Bank Nat'l Tr. Co.*, No. 3:21-cv-50-TJC-JBT, Doc. 24 (M.D. Fla. Apr. 15, 2021); *Kaye v. Bank of New York Mellon*, No. 8:21-cv-469-WFJ-TGW, Docs. 37 & 38 (M.D.

---

[4] CT Corporation is the registered agent for Bank of New York, Inc., a non-party to this action.

Fla. Apr. 13, 2021); *Eaton v. Bank of New York Mellon*, No. 3:21-cv-251-MCR-EMT, Doc. 44 (N.D. Fla. Apr. 9, 2021); *Herbert v. Deutsche Bank Nat'l Tr. Co.*, No. 8:21-cv-626-SPF, Doc. 18 (M.D. Fla. Apr. 6, 2021)[5]; *Decoursy v. Deutsche Bank Nat'l Tr. Co.*, No. 8:21-cv-630-WFJ-JSS, Doc. 31 (M.D. Fla. Mar. 31, 2021); *Haulsee v. Deutsche Bank Nat'l Tr. Co.*, No. 8:21-cv-349-SDM-JSS, Doc. 26, 2021 WL 1220759, *2 (M.D. Fla. Mar. 30, 2021)[6]; *LP Assets, LLC v. Deutsche Bank Nat'l Tr. Co.*, No. 8:21-cv-338-SDM-CPT, 2021 WL 940515 (M.D. Fla. Mar. 12, 2021) (denying plaintiff's motion to remand and warning plaintiff that "attempting to remand another action by asserting the same repeatedly unsuccessful and repeatedly unwarranted argument might result in the imposition of a sanction"); *Abundant Life Homes, LLC v. Deutsche Bank Nat'l Tr. Co.*, No. 4:21-cv-53-AW-MAF, 2021 WL 958568, *3 (N.D. Fla. Mar. 12, 2021); *Gossamer Wing, LLC v. Bank of New York Mellon*, No. 21-80319-CIV-CANNON/Brannon (S.D. Fla. Mar. 5, 2021)[7]; *Kenny v. Deutsche Bank Nat'l Tr. Co.*, No. 2:21-cv-9-SPC-NPM, 2021 WL 778877 (M.D. Fla. Mar. 1, 2021)[8]; *Mkt. Tampa Invs., LLC v. Deutsche Bank Nat'l Tr. Co.*, No. 2:21-cv-

---

[5] On April 30, 2021, Magistrate Judge Flynn granted Defendant's unopposed motion to dismiss the complaint.

[6] On April 26, 2021, Judge Merryday dismissed the action without prejudice pursuant to plaintiffs' notice of voluntary dismissal.

[7] On March 11, 2021, Judge Cannon denied plaintiff's motion for reconsideration of the March 5, 2021 Omnibus Order.

[8] On April 30, 2021, Judge Chappell dismissed the action with prejudice for failure to serve, failure to prosecute, and failure to comply with Court Orders.

37-SPC-NPM, Doc. 30 (M.D. Fla. Mar. 1, 2021)[9]; *Depoalo v. Deutsche Bank Nat'l Tr. Co.*, No. 2:21-cv-38-SPC-NPM, 2021 WL 778889, *4 (M.D. Fla. Mar. 1, 2021)[10]; *Weber v. Deutsche Bank Nat'l Tr. Co.*, No. 2:21-cv-39-SPC-NPM, 2021 WL 778865, *4 (M.D. Fla. Mar. 1, 2021)[11]; *Quest Sys., LLC v. Deutsche Bank Nat'l Tr. Co.*, No. 2:21-cv-40-SPC-NPM, Doc. 26 (M.D. Fla. Mar. 1, 2021)[12]; *2950 Summer Swan Land Tr. v. Deutsche Bank Nat'l Tr. Co.*, No. 2:21-cv-42-SPC-NPM, 2021 WL 778878, *4 (M.D. Fla. Mar. 1, 2021)[13]; *3417 70th Glen E. Land Tr. v. Deutsche Bank Nat'l Tr. Co.*, No. 8:20-cv-3090-VMC-AEP, Docs. 32 & 34, 2021 WL 672700 (M.D. Fla. Feb. 22-23, 2021) (denying motion for remand, vacating default, and declining to grant attorneys' fees at this juncture)[14]; *Decoursy v. Deutsche Bank Nat'l Tr. Co.*, No. 5:21-cv-14-TKW-MJF, 2021 WL 650277 (N.D. Fla. Feb. 18, 2021); *Hahn v. Deutsche Bank Nat'l Tr. Co.*, No. 8:21-cv-39-WFJ-TGW, Doc. 13 (M.D. Fla. Jan. 22,

---

[9] On April 30, 2021, Judge Chappell dismissed the action with prejudice for failure to serve, failure to prosecute, and failure to comply with Court Orders.

[10] On April 26, 2021, Judge Chappell dismissed the action without prejudice on plaintiff's notice of voluntary dismissal.

[11] On April 30, 2021, Judge Chappell dismissed the action with prejudice for failure to serve, failure to prosecute, and failure to comply with Court Orders.

[12] On April 30, 2021, Judge Chappell dismissed the action with prejudice for failure to serve, failure to prosecute, and failure to comply with Court Orders.

[13] On April 30, 2021, Judge Chappell dismissed the action with prejudice for failure to serve, failure to prosecute, and failure to comply with Court Orders.

[14] On February 24, 2021, Judge Covington dismissed the action without prejudice on plaintiff's notice of voluntary dismissal.

2021)[15]; *see also 1944 Woodcut Drive Land Tr. v. Bank of New York Mellon*, No. 2:21-cv-80-SPC-NPM, Doc. 32 (M.D. Fla. Mar. 4, 2021) (dismissing action without prejudice on plaintiff's notice of voluntary dismissal, which was filed immediately after defendant responded to plaintiff's motion for remand). *Cf. Jacaranda, LLC v. Bank of New York Mellon*, No. 4:21cv83-WS/MAF (N.D. Fla. Apr. 1, 2021) (granting plaintiff's motion to remand where defendant had not submitted an affidavit from any Bank official that CT was not a registered agent authorized to accept service of process on behalf of the Bank and it was unclear "why the Bank would accept service of process through CT in some cases but not others," as a result of which the court found that "the Bank ha[d] failed to overcome the presumption of regularity that attaches to a proper return of service," but emphasizing that the court's finding was made "for purposes of resolving the motion to remand only" and was limited to the record at that time).[16]

---

[15] On May 12, 2021, Judge Jung dismissed the case for plaintiffs' failure to prosecute.

[16] In *Lofgren v. Bank of New York Mellon*, No. 21-cv-60374-BLOOM/Valle (S.D. Fla. Mar. 19, 2021), Judge Bloom granted plaintiff's motion for remand but not for the reasons briefed by the parties. Judge Bloom noted that "while not briefed by either party, the Court lacks subject matter jurisdiction under the *Rooker-Feldman* doctrine because the Final Judgment entered in the Foreclosure Action 'is what is being collaterally attacked in this new lawsuit'" and that plaintiff's claims in the federal action "could only succeed if the Pinellas County Court erroneously entered final judgment in favor of Defendant in the Foreclosure Action." Thus, the Court in *Lofgren* did not address the propriety of service of process. The same result occurred in *Ginsberg-Klemmt v. Deutsche Bank Nat'l Tr. Co.*, No. 4:21-cv-10010-JLK (S.D. Fla. Mar. 1, 2021) (granting plaintiff's motion for

5

Accordingly, it is **ORDERED**:

1. The Motion (**Doc. 19**) is **GRANTED** to the extent the service is **QUASHED**, and the default, entered against Defendant in state court, is **VACATED**.[17]

2. Plaintiff must serve Defendant and file proof thereof **on or before August 2, 2021**.  **Failure to comply with this Order will likely result in the dismissal of this action without further notice.**

**DONE AND ORDERED** at Jacksonville, Florida, on June 2, 2021.

MONTE C. RICHARDSON
UNITED STATES MAGISTRATE JUDGE

Copies to:

Counsel of Record

---

remand because, under the *Rooker-Feldman* doctrine, the federal "case effectively amount[ed] to an appeal of a state court judgment, which th[e] Court ha[d] no jurisdiction to entertain"). Both *Lofgren* and *Ginsberg-Klemmt* are included in Plaintiff's Notice of Supplemental Authority (Doc. 34), filed in the present action.

[17] The present Motion also seeks an award of reasonable attorney's fees and costs to BONYM for "pursuing its relief pursuant to 28 U.S.C. § 1927" and "sanctions against Plaintiff and Plaintiff's Counsel, including, but not limited to dismissal of the Plaintiff's suit." (Doc. 19 at 19-20.) The Court defers ruling on Defendant's request for attorney's fees and costs and its request for sanctions.